IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRANDON MOYE, SR.,

        Plaintiff,

   v.

BETH CREIGHTON, CREIGHTON &
ROSE, and FIDELITY NATIONAL TITLE,

        Defendants.

No. 3:17-cv-01984-HZ

OPINION & ORDER

Brandon Moye, Sr.
17440 E. Burnside #14
Portland, OR 97233

    Plaintiff Pro Se

HERNÁNDEZ, District Judge:

    Pro Se Plaintiff Brandon Moye, Sr. brings this action against Defendants Beth Creighton, Creighton & Rose, and Fidelity National Title. Plaintiff moves to proceed *in forma pauperis*.

1- OPINION & ORDER

Because he has no appreciable income or assets, the Court grants the motion. However, for the reasons explained below, the Court dismisses the Complaint.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989).

As the Ninth Circuit has instructed however, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint filed "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130–31.

## DISCUSSION

### I. Allegations

Plaintiff's statement of his claim is as follows:

> My Ex Lawyer stole $25,000.00 plus another large sum of money from me in a Escrow deal. The money was deposited to her Trust Account. Beth Creighton said it wasn't deposited but I got proof it was. Emails, Bank specialist verbal, I need Beth Creighton Trust Account Impounded at <u>First Interstate Bank</u>. The proof is there for sure.

Compl. 5, ECF 1 (emphasis in original). Later in his complaint, he asserts that Defendant Creighton forged his signature in order to obtain this money and that a review of Defendant's trust account "will prove all the criminal and felony crimes." *Id.* at 9. It appears that there is a state court case pending on this matter as Plaintiff requests that the federal court "look into this civil case against Beth Creighton" and asserts that "the State Court have done nothing but help Beth Creighton hide and lie about this matter." *Id.* at 8–9.

Plaintiff alleges that the basis for jurisdiction is federal question jurisdiction. *Id.* at 4. He states that the federal questions at issue are "fraud, forgery, embezzlement, conspiracy, theft by deception, malpractice etc. and a lot more I can <u>prove</u>." *Id.* (emphasis in original). Plaintiff does not otherwise provide the citizenship of Defendants or allege a specific amount in controversy *Id.* at 4–5. The relief sought is "all court costs, pain and suffering, emotional distress, punitive money damages, and prosecuted with federal charges of these multiple crimes." *Id.* at 6.

## II.    Jurisdiction

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005). Federal jurisdiction may be based on the presence of a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction may exist where a claim involves the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. For jurisdiction to exist by reason of diversity, the matter in controversy must exceed the sum or value of $75,000, and the action must be between citizens of different states.

28 U.S.C. § 1332(a). The court must dismiss an action where it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

In his complaint, Plaintiff indicates that the basis for jurisdiction is a "federal question," but he cites no federal constitutional, statutory, or treaty right at issue in this case. Nor does he provide facts from which the Court could identify or infer a federal question. His allegations of fraud, forgery, embezzlement, conspiracy, theft by deception, and malpractice all appear to be state law claims.

Plaintiff does not allege diversity jurisdiction, and diversity jurisdiction is not apparent on the face of his complaint. Plaintiff did not provide information on Defendants' citizenship. He also does not allege a specific amount in controversy other than the $25,000 that was allegedly stolen from him by Defendant Creighton. Thus, to the extent that Plaintiff seeks damages for state law claims, this Court lacks jurisdiction to hear those claims because diversity jurisdiction is not present.

Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's Complaint and must therefore dismiss the Complaint. *See* Fed.R.Civ.P. 12(h)(3) (court is required to dismiss an action if the court determines that it lacks subject matter jurisdiction); *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003).

///

///

///

///

///

**CONCLUSION**

Plaintiff's motion to proceed *in forma pauperis* [1] is granted. Plaintiff's Complaint [2] is dismissed. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint which cures the deficiencies noted shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

Dated this \_\_\_\_19\_\_\_\_ day of January, 2018.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge

5- OPINION & ORDER