IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRANDON MOYE, SR.,

        Plaintiff,

   v.

BETH CREIGHTON, CREIGHTON &
ROSE, and FIDELITY NATIONAL TITLE,

        Defendants.

No. 3:17-cv-01984-HZ

OPINION & ORDER

Brandon Moye, Sr.
17440 E. Burnside #14
Portland, OR 97233

    Plaintiff Pro Se

HERNÁNDEZ, District Judge:

    Pro Se Plaintiff Brandon Moye, Sr. brings this action against Defendants Beth Creighton,

Creighton & Rose, and Fidelity National Title. Plaintiff filed an Amended Complaint on January

1- OPINION & ORDER

25, 2018. Am. Compl., ECF 6. Because the Plaintiff has failed to cure the deficiencies identified in the Court's January 19, 2018, Opinion & Order, this case is dismissed for lack of subject matter jurisdiction.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989).

As the Ninth Circuit has instructed however, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint filed "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130–31.

///

///

**DISCUSSION**

**I.      Allegations**

Plaintiff filed his original complaint on December 13, 2017. In his complaint, he asserted that Defendant Creighton forged his signature and stole his money. Compl. 5, 9, ECF 1. Plaintiff specifically alleged claims of fraud, forgery, embezzlement, conspiracy, theft by deception, and malpractice. *Id.* at 4. He also requested that the federal court "look into his civil case against Beth Creighton" in state court. *Id.* at 8–9.

Similarly, in his amended complaint Plaintiff's statement of his claim is as follows:

> Beth Creighton conspiracy with second Defendant Fidelity National Title Robin Lorenzi and stole $15,000.00 and other larger sum of money believed to be $100,000.00 or greater on a Escrow Account Deal. Account Specialist at Cascade Bank verified the theft had taken place is she looked at the Trust fund account her name is Jessica Thomas.

Am. Compl. 5.  Plaintiff alleges that the basis for jurisdiction is a federal question. *Id*. at 5.  He indicates that the specific federal statutes, treaties, and provisions of the United States Constitution at issue in the case are "embezzlement, theft, fraud, conspiracy, perjury, forgery." *Id.* at 4. Plaintiff asserts that "all are federal question in United States Constitution Federal Law." *Id.*

**II.     Jurisdiction**

Rule 8 requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005). Federal jurisdiction may be based on the presence of a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction may exist where a claim involves the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  For jurisdiction to exist by reason of diversity,

the matter in controversy must exceed the sum or value of $75,000, and the action must be between citizens of different states. 28 U.S.C. § 1332(a). The court must dismiss an action where it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

As he did in his original complaint, Plaintiff indicates in his Amended Complaint that the basis for jurisdiction is a "federal question." Plaintiff alleges that his claims arise from the United States Constitution and federal law, but he cites no specific constitutional or statutory authority. Nor does he provide any facts from which the Court could identify or infer a federal question. His allegations of embezzlement, theft, fraud, conspiracy, perjury, and forgery all appear to be state law claims, and the Court finds no basis for these claims as asserted against the Defendants in the Constitution or federal statutes.

Plaintiff also does not allege diversity jurisdiction, and diversity jurisdiction is not apparent on the face of his Amended Complaint. Plaintiff did not provide information on Defendants' citizenship. Thus, to the extent that Plaintiff seeks damages for state law claims, this Court lacks jurisdiction to hear those claims because diversity jurisdiction is not present.

Accordingly, this Court still appears to lack subject matter jurisdiction over Plaintiff's claims, and the case must be dismissed. *See* Fed.R.Civ.P. 12(h)(3) (the court is required to dismiss an action if the court determines that it lacks subject matter jurisdiction); *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). As the Court indicated in its prior order, failure to file an amended complaint that cured the identified jurisdictional deficiencies would lead to dismissal. Opinion & Order 5, ECF 4. As the Plaintiff has alleged the same claims as his initial complaint, he has shown no ability to cure the deficiencies or comply with the Court's order. [1] *See Arias v. Mercy Hosp.*, No. 1:07cv0175 OWW DL, 2007 WL

---

[1] Plaintiff filed a nearly identical claim almost two years ago in this Court. *See Moye v. Creighton et. al.*, 3:16cv-00354-MO (D. Or.). Plaintiff's claims for "fraud, forgery, perjury, theft by deception, professional misconduct,

4- OPINION & ORDER

1574941, at *3 (E.D. Cal. May 30, 2007) ("The Court has given Plaintiff one opportunity to amend and given the insufficient allegations in the amended complaint, it does not appear that Plaintiff can remedy the above deficiencies. The Court therefore recommends that this action be dismissed without leave to amend."). This claim is, therefore, dismissed without leave to file an amended complaint.

## CONCLUSION

Plaintiff's Amended Complaint [6] is dismissed due to lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated this \_\_\_\_1\_\_\_\_ day of \_\_Feb\_\_, 2018.

_____
MARCO A. HERNÁNDEZ
United States District Judge

---

malpractice and more" were dismissed by Judge Mosman for lack of subject matter jurisdiction. Opinion & Order, *Moye v. Creighton et. al.*, ECF 7, 3:16-cv-00354-MO (D. Or. April 8, 2016).

5- OPINION & ORDER